| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

MELVIN STARKS,

   Plaintiff,

*versus*             CIVIL ACTION NO. 1:06-CV-247

NURSE HOLLIER, *et al.*

   Defendants.

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

  Plaintiff Melvin Starks, an inmate formerly confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this lawsuit alleging the defendants acted with deliberate indifference to his medical needs.

  The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as barred by limitations.

  The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Plaintiff's objections are without merit.

  Plaintiff alleges he was exposed to tuberculosis during the period from March 2002 through June 2002 due to an infected inmate remaining in the general inmate population. On September 23, 2002, plaintiff claims he was informed that he had tested positive for tuberculosis.

On September 9, 2004, plaintiff filed a federal lawsuit concerning the claims presented in this action.[1] The lawsuit was dismissed based on plaintiff's failure to exhaust administrative remedies prior to filing his complaint. *See Starks v. Hashop*, 1:04cv594 (E.D. Tex. Nov. 1, 2004).

Plaintiff pursued the available administrative remedies, and completed the four-step process on October 28, 2005. *See* Administrative Remedy # 374310-A1. Plaintiff then filed this complaint on April 26, 2006.[2] In his objections, plaintiff argues that he should receive equitable tolling for the time he spent exhausting administrative remedies.

Should the limitations period be tolled during the pendency of plaintiff's first lawsuit from September 9, 2004 to November 1, 2004, plaintiff would be provided an additional 54 days in which to file his lawsuit. *See Clifford v. Gibbs*, 298 F.3d 328 (5th Cir. 2002). Further, the prescriptive period is tolled while plaintiff pursued his administrative remedies from November 1, 2004 to October 28, 2005, or 361 days. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

Plaintiff's cause of action accrued, at the latest, on September 23, 2002, the date on which plaintiff claims he was informed that he had tested positive for tuberculosis. "A *Bivens* action is controlled by the applicable state statute of limitations." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). The Fifth Circuit Court of Appeals, applying Texas law, held that the statute of limitations period on a *Bivens* claim is two years. *Id.; Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998). Accordingly, the limitations period expired on September 23, 2004, absent any tolling.

Crediting plaintiff with tolling during the pendency of his previous lawsuit, as well as the period during the pendency of his administrative remedies, the limitations period is extended by

---

[1] A prisoner's pleading is deemed filed as of the date it was delivered to prison authorities for forwarding to the court. *Cooper v. Brookshire*, 70 F.3d 377, 381 (5th Cir. 1995) (applying rule of *Houston v. Lack*, 487 U.S. 266 (1978), to a prisoner's complaint); *Smith v. Conner*, 250 F.3d 277, 278 n.4 (5th Cir. 2001).

[2] In his complaint, plaintiff did not state the date on which he delivered the complaint to prison officials for mailing to the court. However, plaintiff's application to proceed *in forma pauperis,* which was filed with his complaint, was executed on April 26, 2006. Accordingly, the court will assume the documents were delivered to prison officials on the date the latest document was executed.

a total of 415 days. Therefore, plaintiff's limitations period expired on November 11, 2005. As previously stated, this action was not filed until April 26, 2006.

The doctrine of equitable tolling is applied restrictively and is entertained only in cases presenting "rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir.2002) (internal quotation and alteration omitted). A party's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the party's own making do not qualify. *See Felder v. Johnson,* 204 F.3d 168, 174 (5th Cir. 2000) ("Equitable tolling is appropriate when an extraordinary factor beyond the plaintiff's control prevents his filing on time.") "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir.1999). Here, plaintiff did not diligently pursue his claims. Accordingly, plaintiff's claims are barred by limitations.

**O R D E R**

Accordingly, Plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 10th day of October, 2007.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE